DEXTER W. WILLIAMS
Filing Pro Se
San Quentin State Prison
P.O. Box
San Quentin, CA. 94974

FILED
MAY 10 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
EASTERN DISTRICT

| | |
|---|---|
| People of the state of California | Case No: 1:12 CV 00804 AWI HC |
| Plaintiff & Respondent | DEATH PENALTY CASE |
| VS | Defendant's Motion to Strike Government Code §13967(a). Restitution Fine and Order Imposed by this Court. |
| Defendant & Appellant DEXTER W. WILLIAMS | NOTICE OF MOTION |

MOTION TO STRIKE COURT ORDERED RESTITUTION
PURSUANT TO GOVERNMENT CODE §13967(a)

Defendant, DEXTER W. WILLIAMS hereby moves the court to strike the court ordered fine and restitution imposed against the defendant in this case pursuant to Government Code §13967(a).

This motion is hereby brought pursuant to the provisions of Government Code §13967(a) and moves the court for an order to strike the court ordered fine and restitution that was imposed against the defendant.

This motion and notice of motion are based on this notice of motion, the memorandum of points and authorities and the complete files in this action, in conjunction with any other documentary evidence as may be adduced at the hearing on this motion.

Respectfully Submitted,

Dated: 5/3/12   Signed: Dexter Williams

page 1

MEMORANDUM OF POINTS AND AUTHORITIES

1. People vs Scott (1994) 9 Cal. 4th 331, 354
2. People vs Connor (1964) Cal.App. 2d 716, 718
3. People vs Carter (1993) 131 Cal.App. 177, 181
4. People vs Saelee (1995) 35 Cal.App. 4th 27
5. U.S. vs Gaydos 108 F3d (3rd Cir. 1997 )
6. U.S. vs Van Brocklin 115 F3d 587, 602 (8th Cir. 1997)
7. U.S. vs Thompson 113 F3d (2nd Cir. 1997)
8. U.S. vs Bajakajian 84 F3d 334 (9th Cir.1996)
9. U.S. vs Ladum 141 F3d 1328 (9th Cir. 1998)
10. Alexander vs U.S. 509 U.S.544, 559, 125 L.Ed2d 441, 113 S.ct 2766(1993)
11. People vs Oganesyan 70 Cal.App. 4th 1178, 1185-86 (1999)
12. U.S. vs Jaroszenko 92 F3d 486 (7th Cir. 1996)
13. Penal Codes §1202.4., §1239.,
14. Government Code §13967(a)
15. PEOPLE V. McWHORTER (2009) 47 CAL. 4th 318, 380

DEXTER W. WILLIAMS.

Filing Pro Se
San Quentin State Prison
P.O. Box
San Quentin, CA. 94974

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
EASTERN DISTRICT

| | |
|---|---|
| People of the state of California ) | Case No: |
| Plaintiff & Respondent ) | DEATH PENALTY CASE |
| vs ) | Defendant's Motion to Strike Government Code §13967(a) |
| Defendant and Appellant ) | restitution fine and order imposed by this court. |
| DEXTER W. WILLIAMS ) | |

MOTION TO STRIKE COURT ORDERED RESTITUTION
PURSUANT TO GOVERNMENT CODE §13967(a)

Defendant, 5,000.00      , hereby moves this court for an order to strike the court ordered fine and restitution imposed against the defendant in this case pursuant to Government Code §13967(a).

This motion is hereby brought pursuant to the provisions of the Government Code §13967(a), the Sixth, Eighth and Fourteenth Amendments of the United States Constitution, Article VI §12 subdivision (a) of the California Constitution and Penal Code §1239.

Since this is a capital case, State and Federal principles of reliability of the death conviction and sentence, Due Process and Equal Protection all mandate that this motion be granted by issuing an order that the provisions of Government Code §13967(a) are stricken in this matter as mandated per the California Penal Codes §1202.4 and §1239(b) and the Fourteenth Amendment of the United States Constitution.

page 3

ARGUMENTS AND FACTS OF LAW

### THE $5,000.00 RESTITUTION FINE WAS INCORRECTLY IMPOSED IN DISREGARD OF DEFENDANT"S " ABILITY TO PAY".

The criminal court ordered defendant to pay a restitution fine pursuant to Government Code §13967(a) under the provisions of Penal Code §1202.4. This was ERROR because defendant is subject to a sentence of death and has no reasonably discernible means of paying a fine of this magnitude.

Defendant's trial counsel did not object to this error at the time defendant was sentenced. Because this error involved an unauthorized sentence that could not statutorily be imposed under any circumstances, such error was not waived (People v Scott (1994) 9 Cal. 4th 331, 354.

Apart from this, Scott's holding that discretionary sentencing choice errors are waived by nonobjections was deemed to be prospective only. (Id at 357-358). Government Code §13967(a) was specifically amended by the Legislature in 1992 for the purpose of making the restitution fine thereby defined "subject to the defendant's ability to pay". That version of G.C. §13967(a) which became effective Sept. 14, 1992 stated in pertinent part;

>     "In addition (to other fines imposed), if the person is
> covicted of one or more felony offences, the court shall impose
> a separate and additional restitution fine of not less than two
> hundred dollars ($200), SUBJECT TO THE DEFENDANT"S ABILITY TO
> PAY, and not more than ten thousand dollars ($10,000). In setting
> the amount of the fine for felony convictions tho court shall
> consider any relevant factors including, but not limited to,
> the seriousness and gravity of the offenses and the circumstances
> of it's commission, any economic gain derived by the defendant
> as a result of the crime and the extent to which others suffered
> losses as a result of the crime...Except as provided in §1202
> of the penal code and subdivision (c) of this section, under
> no circumstances shall the court fail to impose the separate
> and additional restitution fine required by this section...."
>                    ( EMPHASIS ADDED )

1   Although it is true that penal code §1202.4, an earlier statute passed
2   in 1983, provided that a Government Code §13967(a) restitution fine "shall
3   be ordered regardless of a defendant's ability to pay", this statute was
4   clearly in conflict with the 1992 amendment to Government Code §13967(a).
5   When such a conflict exists the most recently enacted legislation
6   implicitly repeals the contrary provision, People v Connor (1964) Cal.App.
7   2d. 716,718  and  People v Carter (1993) 131 Cal.App. 177, 181. Defendant
8   is entitled to the ameliorative benefits of the "Ability to Pay" language.
9   See also People v Saelee (1995) 35 Cal.App. 4th 27. In Saelee the
10  defendant committed his offenses on Aug. 17, 1992. The court imposed a
11  sentence on the defendant which included a Government Code §13967(a)
12  restitution fine in the amount of $10,000 dollars. On appeal, Saelee
13  contended that his fine should be reduced to the statutory minimum based
14  upon the 1992 amendment to G.C. §13967(a) given his inability to pay.
15  The Saelee court "AGREED" with the defendant's assertions and reduced the
16  fine to the minimum, notwithstanding the failure of defendant's trial
17  counsel to object at the time of sentencing. The court explained;

> "(T)he addition of "ability to pay" language is an
> ameliorative change which, instead of making more burdensome
> the "punishment" of the restitution fine, benefits the
> defendant. (W)here the amendatory statute mitigates
> punishment and there is no saving clause, the rule is that
> the amendment WILL OPERATE RETROACTIVELY so that the LIGHTER
> PUNISHMENT IS IMPOSED. (In re Estrada (1965) 63 Cal.2d 740,
> 748 ; see People v Roberts (1994) 24 Cal.App. 4th 1462, 1466
> and cases cited therein. Thus the 1992 amendment may be
> applied to the defendant whose crimes were committed before
> the statutory change. Accordingly, Saelee should receive
> the benefits of the "ability to pay" language contained in
> the statute at the time he was sentenced, but he cannot be
> burdened with the increased minimum fine which was not in
> effect at the time the offenses were committed".
>                 ( EMPHASIS ADDED )

27  In this present case, following his sentence hearing, defendant remains
28  on Death Row, subject to a capital sentence. A prisoner housed on death

1  row is not permitted to engage in any prison labor activities to earn
2  wages. In sum, the record is devoid of any evidence that the defendant
3  had or has the ability to pay the restitution fine imposed by this court.
4     Specific findings of FACT regarding a defendant's "ability to pay" are
5  REQUIRED BEFORE a restitution order may be imposed; U.S. v Gaydos 108 F3d
6  (3rd Cir. 1997).
7     It is clear that the trial court exceeded it's jurisdiction by imposing
8  the restitution fine against the defendant in the face of overwhelming
9  evidence that the defendant lacked the ability to pay, in contravention
10 of the "ability to pay" mandate of Government Code §13967(a). It is an
11 abuse of discretion for the sentencing court not to make specific
12 findings of facts regarding a defendant's ability to pay restitution;
13 U.S. v Van Brocklin 115 F3d 587, 602 (8th Cir. 1997)...."Improperly
14 ordered restitution constitutes ILLEGAL SENTENCE amounting to PLAIN ERROR"
15   U.S. v Thompson 113 F3d 13 (2nd Cir. 1997).
16    It is clear that California's Government Code §13967(a) has EXPLICIT
17 LANGUAGE which directs the sentencing courts on how to apply restitution
18 orders. It is also clear that Penal Code §1202.4 states;

> "(b) In every case where a person is convicted of a crime,
> the court shall impose a separate and additional restitution
> fine, unless it finds compelling and extraordinary reasons
> for not doing so, AND STATES THOSE REASONS ON THE RECORD".
> "(c) The court shall impose the restitution fine unless it
> finds compelling and extraordinary reasons for not doing
> so and states those reasons on the record".

23 In the present case the trial court did not follow the law or language
24 of Government Code §13967(a) or the discretion advised in penal code
25 §1202.4. The record in defendant's case is devoid of any evidence that he
26 could pay "ANY" restitution fines, additionally, the defendant was
27 sentenced to DEATH. How much more compelling and extraordinary reasons can
28 there be to justify NOT imposing a restitution fine.

1   It is also clear that the U.S. Courts have consistently ruled that
2   restitution fines in "excess" of a defendants ability to pay are
3   UNCONSTITUTIONAL, see;
4      U.S. v Bajakajian 84 F3d 334 (9th Cir. 1996)
   U.S. v Ladum 141 F3d 1328 (9th Cir. 1998)
5      Alexander v U.S. 509 U.S. 544 ; 125 L.Ed2d 441 ; 113 S.ct 2766 (1993)
   People v Oganesyan 70 Cal.App. 4th 1178, 1185-86 (1999)
6   In the Saelee case, the fact/issue before the court was not weather
7   Saewlee was guilty, not guilty, exonerated or if his sentence was going
8   to be reduced. It specifically addressed the fact that his restitution
9   fine, under G.C. §13967(a) was not correctly imposed per the "ability to
10  pay" language, and was reduced from $10,000 to $100.
11      This Government Code is clearly established law, and the "ability to pay"
12  language must be adhered to. The 4th Circuit Court of Appeals did not
13  reverse Saelee's commitment, the court just reduced his restitution fine
14  to meet with the "ability to pay" language of G.C. §13967(a).
15      Therefore, it's clear that the restitution fine imposed against the
16  defendant in this case was in excess of the trial courts discretion and
17  should be stricken because of the compelling and extraordinary facts of
18  this case. These facts are, the defendant doesn't have any money, he doesn'
19  have or will ever have a prison job to earn money, he doesn't own any
20  property or land, he doesn't have any bank accounts or trust funds and the
21  defendant is currently on death row under a sentence of death.
22      "When a restitution order seems impossible, Court of Appeals will find
23  PLAIN ERROR"  U.S. v Jaroszenko  92 F3d 486 (7th Cir. 1996).
24
25
26
27
28              page 7

FOURTEENTH AMENDMENT TO U.S. CONSTITUTION
"GUARANTEES" DEFENDANT THE RIGHT TO DUE PROCESS,
AND PROCEDURAL DUE PROCESS "BEFORE" BEING "DEPRIVED" OF
PROPERTY...

Defendant also presents these compelling and extraordinary facts to the court. Since the defendant is a Capital Appellant, defendant's entire commitment sentence is ( and will be ) under judicial review because of Automatic Appeal statutes ( penal code §1239(b) and Cal. Const. Art. VI §12 (a)). The restitution fine imposed against the defendant is part of defendant's commitment sentence, then IT TOO IS UNDER REVIEW / APPEAL.

For this fact, since there is a possibilty that the defendant's sentence could be reversed, how can this be legally imposed against a Capital Defendant and the monies seized from the defendant BEFORE his appeals are completely exhausted ?

It is clearly UNCONSTITUTIONAL to allow the victim compensation and government claims boards to seize money BEFORE HIS APPEALS ARE EXHAUSTED.

THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION ...

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; Nor shall ANY State deprive ANY PERSON of life, liberty or PROPERTY without the DUE PROCESS OF LAW; Nor deny any person within it's jurisdiction the EQUAL PROTECTION of the LAW".

Penal Code §1202.4(f)(1) states that, "The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on it's own motion or on the motion of the district attorney, the victim or victims, or the defendant..."

For all of the reasons described herein, it's clearly unconstitutional for this court to have imposed a restitution fine against the defendant in this case; and then not provide the defendant any means of appealing the

1 | restitution order BEFORE THE FINE IS COLLECTED.

2 |    The defendant has clearly shown that this courts order for the defendant
3 | to pay restitution is invalid and improperly imposed under Government Code
4 | §13967(a), as well as the fact that there was compelling and extraordinary
5 | facts before the court. The trail court should have waived any restitution
6 | orders, pursuant to penal code §1202.4.

7 |    For all of the reasons described in this motion, and in the interest of
8 | justice, an order to correct the errors should be granted. Where the
9 | defendant has shown that the current deductions being seized from any
10 | deposits made in his prison trust account are violations of defendants
11 | constitutional rights to DUE PROCESS and PROCEDURAL DUE PROCESS which
12 | requires the courts attention to correct all of the errors raised in this
13 | motion.

14 | <center>RELIEF REQUESTED</center>

15 |

16 | Defendant requests that this court Grant this motion in full; By issuing
17 | an amended abstract of judgement (AOJ) that STRIKES the courts restitution
18 | order and fine of $5,000.00 based on Government code §13967(a) and
19 | provisions of penal code §1202.4 ; As well as to comport with the "ability
20 | to pay" language of G.C. §13967(a). Additionally, instruct that all prior
21 | deductions from the defendants trust account be returned to the defendant
22 | " BY ORDER OF THE COURT ". Defendant also requests that the court grant
23 | any other relief that it deems to be fair and or necessary to satisfy the
24 | interests of justice in this matter.

25 |

26 |    I, Dexter W. Williams, under penalty of perjury do hereby state that all of
27 | the foregoing is true and correct pursuant to 28 U.S.C. §1746.
28 | Dated: 5/3/12             Signed: [signature]

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Criminal Department, Central Division<br>1100 Van Ness Avenue<br>Fresno, California 93724<br>(559) 457-1801 | | FOR COURT USE ONLY<br><br>FILED<br>MAR 10 2011<br>FRESNO COUNTY SUPERIOR COURT<br>By_____<br>                    . DEPUTY |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA<br>People of the State of California<br>VS<br>Dexter W. Williams | PLAINTIFF,<br><br>DEFENDANT. | |
| ORDER ON DEFENDANT'S MOTION | | CASE NUMBER:<br>440924-9 |

The Court having considered the motion filed by the defendant now rules as follows:

Defendant's Motion For:

☐ Reporters' and/or clerks' transcript is denied.

☐ Conversion of fines and restitution fees towards days in custody pursuant to Penal Code § 1205, is denied.

☒ Reduction, or modification, of the restitution fines imposed pursuant to Penal Code § 1202.4 is denied.

☐ Recall of sentence pursuant to Penal Code § 1170(d), is denied.

☐ Post-conviction discovery, not made pursuant to Penal Code § 1054.9, is denied.

This Court no longer has jurisdiction to entertain defendant's motion. (*People v. Sparks* (1952) 112 Cal.App.2d 120; 120; *People v. Ainsworth* (1990) 217 Cal.App.3d 247; *Lewis v. Superior Court* (2008) 169 Cal.App.70, 76; *People v. Turrin* (2009) 176 Cal.App.4th 1200; *People v. Picklesimer* (2010) 48 Cal.4th 330.)

Any further motions filed by defendant, seeking the same relief, will be disregarded by this Court, absent a change of law conferring jurisdiction on this Court to entertain such a successive motion.

It is so ordered.

RECEIVED
MAY 10 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

REC'D
MAY 10 2012
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

Date  3/10/11

_____
Judge of the Superior Court

TCR-66  E02-11                    ORDER ON DEFENDANT'S MOTION

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Criminal Department, Central Division<br>1100 Van Ness Avenue<br>Fresno, California 93724<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>People of the State of California<br>vs<br>Dexter W. Williams | |
| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>440924-9 |

I certify that I am not a party to this cause and that a true copy of the **Order on Defendant's Motion signed 03/10/11** was placed in a sealed envelope and:

☐ Deposited with the United States Postal Service, mailed first class, postage fully prepaid, addressed as shown below.

☒ Placed for collection and mailing on the date and at the place shown below following our ordinary business practice. I am readily familiar with this court's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: **Fresno, California 93724** on:

Date: **March 16, 2011**          Clerk, by _____, Deputy
                                              J. Nunes

Dexter W. Williams
San Quentin State Prison
Po Box J99300
San Quentin, CA 94974

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06 R08-06                    CLERK'S CERTIFICATE OF MAILING